

# Fourth Court of Appeals
## San Antonio, Texas

October 17, 2022

No. 04-22-00126-CR

Albino **CEDILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 2020-0019-CR
Honorable Steve Hilbig, Judge Presiding

# O R D E R

Appellant's brief was originally due by July 5, 2022 and was not filed. In lieu of the brief, appellant filed a motion requesting a thirty-day extension of time. In his motion, counsel, Mr. Alberto Ramon, explained he had experienced an unexpected death in his immediate family, significantly impacting his schedule. We granted the extension and ordered appellant to file his brief by August 4, 2022. On July 26, 2022, appellant filed a second motion requesting a second thirty-day extension of time. Counsel requested additional time because he was preparing for a four-day jury trial. We granted the extension, ordered appellant to file his brief by September 6, 2022, and advised counsel further extensions of time would be disfavored absent extraordinary circumstances. On September 6, 2022, appellant filed a third motion requesting until September 30, 2022 to file his brief. Counsel stated he had been unable to dedicate time to prepare the brief because of his heavy work schedule, numerous medical appointments, and inability to concentrate due to the recent family tragedy. We granted the extension, ordered appellant to file his brief by September 30, 2022, and again, advised counsel no further extensions of time would be granted absent extraordinary circumstances. On September 28, 2022, appellant filed a fourth motion requesting a thirty-day extension of time to file his brief. Counsel stated he had been ill and was working under the influence of medication, making it difficult to concentrate.

On October 4, 2022, we recognized the extraordinary circumstances impacting counsel and his ability to prepare the brief. We further advised counsel we required compliance with the appellate deadlines to ensure the prompt and efficient administration of justice. *See* TEX. R. APP. P. 38.6(d). We therefore ordered the appeal abated and remanded this case to the trial court for the appointment of new appellate counsel**.**

On October 11, 2022, counsel filed a motion for reconsideration, informing us he had been retained as counsel and has a duty to complete and file the brief. A review of the clerk's record, however, shows on January 27, 2022, the trial court found appellant was entitled to court-appointed counsel and appointed Mr. Ramon as his attorney.

After consideration of the foregoing, we **deny** appellant's motion for reconsideration, **withdraw** our order dated October 4, 2022, and **issue** this order in its place. We **order** this appeal **abated** and **remand** this case to the trial court to conduct a hearing to determine:

(1) whether appellant desires to prosecute this appeal,

(2) whether counsel was appointed by the trial court or retained by appellant, and

(3) whether appellant and counsel have established an attorney-client relationship and whether appellant desires for counsel to continue representing him.

The trial court is directed to ensure effective assistance of counsel and the orderly administration of justice. If the court finds appellant and counsel have not established an attorney-client relationship; appellant does not desire counsel to continue representing him; or removal of counsel is necessary to protect the integrity of the judicial process or the fair and orderly administration of justice, the court may remove counsel and appoint new appellate counsel.

The trial court may, in its discretion, receive evidence on these issues by sworn affidavit from the appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

We further **order** the trial court to make written findings of fact and conclusions of law on these issues. We **order** the clerk and court reporter to file in this court, no later than **November 16, 2022**, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues. *See* TEX. R. APP. P. 38.8(b)(3).

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of October, 2022.

_____
Michael A. Cruz,
Clerk of Court